# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SHANNON BRADLEY, individually and as Personal Representative of the Estate of RICHARD WILLIAMS, deceased, SEAN WILLIAMS and PATRICK WILLIAMS,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Defendant. | Case No. 2:12-cv-01526 -APG-GWF<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

Plaintiffs filed their Complaint on August 27, 2012 pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.* Plaintiffs contend that the decedant, RICHARD WILLIAMS ("WILLIAMS"), was improperly treated while under the care of physicians employed by the United States at the Mike O'Callaghan Federal Medical Center. Plaintiffs contend that WILLIAMS died because the care and treatment provided to him did not meet the requisite standard of practice and care. *See* Complaint [Dkt. #1] at ¶¶ 11-19.

Claims brought pursuant to the FTCA are governed by the substantive law of the state where the claim arose. *McMurray v. United States*, 918 F.2d 834, 836 (9th Cir. 1990). Nevada Revised Statute 47A.071 provides as follows:

> If an action for medical malpractice or dental malpractice is filed in the district court, the district court shall dismiss the action, without prejudice, if the action is filed without an affidavit, supporting the allegations contained in the action, submitted by a medical expert who practices or has

> practiced in an area that is substantially similar to the type of practice engaged in at the time of the alleged malpractice.

Nevada Supreme Court decisions interpreting Nevada state law are binding on this Court. *NLRB v. Calkins*, 187 F.3d 1080, 1089 (9th Cir. 1999). The Nevada Supreme Court has held that the failure to include the affidavit required by NRS 41A.071 requires dismissal of the action. *Washoe Med. Ctr. v. Second Judicial District Court*, 148 P.3d 790, 794 (Nev. 2006).

> [W]e conclude that a medical malpractice complaint filed without a supporting medical expert affidavit is void *ab initio*, meaning it is of no force and effect. Because a complaint that does not comply with NRS 41A.071 is void *ab initio*, it does not legally exist and thus it cannot be amended. Therefore, NRCP 15(a)'s amendment provisions, whether allowing amendment as a matter of course or leave to amend, are inapplicable. A complaint that does not comply with NRS 41A.071 is void and must be dismissed; no amendment is permitted.

Plaintiffs' Complaint does not include an affidavit as required by Nevada law. Plaintiffs contend that the Affidavit they submitted to the U.S. Department of Health and Human Services along with their administrative claim satisfies the affidavit requirement set forth in NRS 47A.071. *See* Opposition [Dkt. #16] at pp. 5-7. Plaintiffs cite no legal support for this position. The Government points out that the FTCA does not make the contents of an administrative claim a part of a subsequently-filed civil lawsuit.

This Court has consistently held that a complaint lacking the requisite medical affidavit must be dismissed. *Briggs v. University Medical Center*, 2011 WL 5910123 (D. Nev. 2011) (complaint lacking affidavit of merit is void); *Scott v. Glyman*, 2010 WL 8674359 (D. Nev. 2011) (lack of a valid supporting affidavit or declaration at the time of filing rendered the complaint void *ab initio*); *Martinez v. Ho*, 2009 WL 8652468 (D. Nev. 2009) (citing *Washoe* and finding complaint lacking affidavit of merit is void and cannot be amended); *Estate of Dane Marie Walker v. Saunders*, 2009 WL 8660567 (D. Nev. 2009) (a medical malpractice complaint filed without a supporting medical expert affidavit is void); *Jones v. Nenen*, 2008 WL 4003 at *4 (D.Nev. 2008) (dismissing claim of "professional negligence" against a doctor for failure to include affidavit of merit); *Reed v.*

*Brackbill*, 2008 WL 4155600 at 12 n.3 (D.Nev. 2008) ("Plaintiff has not stated a claim for medical malpractice; however, construing Plaintiff's complaint very liberally, in the event he is suing NDOC's medical personnel for malpractice, Plaintiff has failed to attach the required affidavit from a medical expert who practices or has practiced in an area that is substantially similar to the type of practice engaged in at the time of the alleged malpractice.")

Pursuant to Nevada law, the Complaint is void *ab initio*, cannot be amended, and must be dismissed. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Complaint is dismissed without prejudice to Plaintiffs' ability to file a new Complaint that includes the requisite affidavit.

The Clerk of Court shall enter judgment accordingly.

Dated: May 21, 2013.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE